IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LAURA R. ENNIS,

          Plaintiff,

v.                                      CIVIL ACTION NO. 2:12-cv-03956

CITY HOLDING COMPANY,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Laura Ennis's motion to remand [Docket 4]. For the reasons that follow, the Court **DENIES** the motion and **DENIES** Plaintiff's request for attorney's fees and costs.

I.      *FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff Laura Ennis ("Plaintiff") was employed by Defendant City Holding Company ("City") as a loan originator until she was terminated on April 12, 2012. She originally filed her complaint in the Circuit Court of Kanawha County, West Virginia on July 12, 2012. Her complaint attributes her termination to retaliatory and discriminatory conduct on the part of City. Specifically, Plaintiff claims that City retaliated against her for reporting several incidents of workplace sexual harassment in 2007 and for taking approximately three months' maternity leave in late 2009. (Docket 1-1 at ¶¶ 6-12.)

The complaint lodges three causes of action against City, characterized by Plaintiff as follows: "First Cause of Action—Retaliatory Discharge", "Second Cause of Action—Family

1

Medical Leave Act", and "Third Cause of Action—Sexual Discrimination". In support of her first cause of action, Plaintiff alleges that "Defendant's retaliation and wrongful termination of Plaintiff was in violation of both West Virginia and Federal law." (Docket 1-1 at ¶ 17.) Plaintiff's second cause of action avers that City violated the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA" or "the Act") by terminating Plaintiff's employment in retaliation for Plaintiff's exercise of the rights provided by that statute.

City timely removed this case, invoking the Court's federal question and supplemental jurisdiction under 28 U.S.C. §§ 1331 and 1367. Plaintiff countered with the pending motion to remand, which is now ripe for review.

## II.   LEGAL STANDARD

A civil action may be removed from state court to federal court if the action could have originally been commenced in federal court. 28 U.S.C. § 1441(a). One source of original jurisdiction is 28 U.S.C. § 1331, which provides "The district courts shall have original jurisdiction in all civil actions arising under the Constitution, laws, or treaties of the United States." Though the United States Supreme Court has not established a rigid test for § 1331 jurisdiction, this much is clear: "In cases where federal law *creates* the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction." *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 808, 809 (1986)). Removal is thus appropriate if the plaintiff's own statement of her own cause of action shows that it is based upon federal law. *See Loiuisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Since a plaintiff is the "master of her complaint", she may avoid federal jurisdiction by relying exclusively on state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). If a federal district court determines that

2

it lacks subject matter jurisdiction over a civil action that has been removed from state court, it must remand the case. 28 U.S.C. § 1447(c). The party removing the action has the burden to prove that jurisdiction is proper in the federal court. *Mulcahey*, 29 F.3d at 151. Any doubt about the propriety of removal must be resolved in favor of remand. *Id.*

### III.     DISCUSSION

City removed this action on the basis that Plaintiff's second cause of action arises under the FMLA. Its notice of removal further states that this Court has supplemental jurisdiction over Plaintiff's retaliatory discharge and sex discrimination claims (Plaintiff's first and third causes of action) under 28 U.S.C. § 1367. In her motion to remand, Plaintiff characterizes both her first and second causes of action as retaliation claims based solely in state law and contends that the complaint's "mere reference" to the FMLA does not vest this Court with jurisdiction. After considering the parties' arguments and the applicable law, the Court finds that Plaintiff's second cause of action invokes federal question jurisdiction and that supplemental jurisdiction exists over Plaintiff's remaining state law claims.

A.     *Federal Question Jurisdiction*

Under the FMLA, an eligible employee is entitled to twelve weeks of leave during any twelve-month period for a qualified medical condition. 29 U.S.C. § 2612. The FMLA prohibits employers from both interfering with, *id.* at § 2615(a)(1), and retaliating against an employee's use or attempted use of leave time. *Id.* at § 2615(a)(2). The FMLA thus provides for two distinct theories of recovery: the "interference" theory and the "retaliation" theory. Each provides a basis for federal subject matter jurisdiction.[1] *See, e.g.*, *Dotson v. Pfizer, Inc.*, 558 F.3d

---

[1] Plaintiff contends that her reference to the FMLA cannot provide a basis for federal jurisdiction because she has not alleged a denial of or interference with her FMLA rights. (Docket 5 at 6.) In

3

284, 290 (4th Cir. 2009) (considering the proper measure of damages after a favorable jury verdict on the plaintiff's FMLA interference and retaliation claims); *Bocalbos v. National Western Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir. 1998) ([T]he Act protects employees from interference with their leave as well as against discrimination or retaliation for exercising their rights." (citations omitted)).

The face of Plaintiff's complaint unambiguously alleges an FMLA retaliation claim.[2] Plaintiff's second cause of action affirmatively asserts that City had a duty under the FMLA to permit Plaintiff to take a leave of absence to care for her newborn child and that City violated the FMLA by retaliating against her for exercising the rights afforded her by that statute. Indeed, contrary to Plaintiff's contention, her complaint's reliance on the FMLA can hardly be called a "mere mention." Adjudication of this cause of action will depend upon a resolution of federal law—namely, the scope of Plaintiff's rights under that statute and City's obligation to uphold those rights. Nonetheless, Plaintiff relies on two West Virginia district court cases to support her assertion that her complaint's reference to the FMLA does not give rise to federal question jurisdiction.

First, Plaintiff claims that the complaint's reference to the FMLA is insufficient to confer federal jurisdiction because the alleged FMLA violation is just one of several theories she

---

doing so, she implies that the FMLA creates a federal cause of action only when an aggrieved employee alleges an "interference" claim. This interpretation of the FMLA is erroneous. The FMLA plainly provides a cause of action for retaliation. 29 U.S.C. § 2615(a)(2).

[2] In support of her assertion that her FMLA claim is merely subordinate to her state law retaliation claim, Plaintiff points out that her second cause of action requests punitive damages that are not available under the FMLA. In spite of her request for punitive damages, however, Plaintiff seeks equitable relief and compensatory damages, both of which are available under the FMLA. 29 U.S.C. §§ 2617(a)(1)(A), (a)(1)(B). In light of the overwhelming evidence indicating that Plaintiff's second cause of action arises under the FMLA, the Court will not find a lack of subject matter jurisdiction simply because Plaintiff may have inadvertently added a request for relief to which she is not entitled.

advances in support of her state law retaliatory discharge claims.  In support of this argument, Plaintiff attempts to analogize this Court's decision in *Pudder v. Walmart Stores, Inc*. No. 2:11-cv-00970, 2012 WL 1570029 (S.D. W. Va. 2012).  In *Pudder*, the plaintiff brought a state law claim against her former employer for retaliation in violation of West Virginia public policy.  In support of this claim, the plaintiff enumerated a list of nine ways in which she alleged that her employer retaliated against her.  The plaintiff referenced the FMLA as one of these nine manifestations of her employer's alleged retaliatory behavior.  Apart from the FMLA theory, the plaintiff alleged alternative theories in support of her retaliation claim that did not depend on the resolution of federal law.  This Court reasoned that "if a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist."  *Id.* at *3-4, (citing *Mulcahey*, 29 F.3d at 153).  This Court found that it lacked jurisdiction because the plaintiff's retaliation claim was equally supported by several alternative theories arising solely from state law.

*Pudder* is easily distinguishable from the facts of this case.  Unlike in *Pudder*, Plaintiff's FMLA claim is not alleged in the alternative or set forth as one of several theories supporting her retaliatory discharge claims.  Her second cause of action alleges an independent cause of action for a violation of the FMLA and is set apart from her first cause of action for retaliation as a distinct and independent basis for relief.  While Plaintiff may contend that her complaint generally sets forth a variety ways in which City retaliated against her, it is her individual causes of action—and not the tenor of her complaint as a whole—that determine whether federal jurisdiction exists.  Plaintiff's second cause of action arises exclusively under federal law.

Second, Plaintiff cites *Davis v. Cabela's Inc.*, No. 5:07-cv-88, 2008 WL 183717 (N.D.

5

W. Va. 2008), where the district court held that the FMLA does not provide a basis for federal question jurisdiction merely because the complaint alleges retaliation in response to the plaintiff's exercise of her right to personal and family leave. In *Davis*, the plaintiff brought a retaliatory discharge claim that did not explicitly rely on or even mention the FMLA. Instead, the plaintiff alleged that her employer had discriminated against her for exercising her rights to personal and family leave in violation of West Virginia public policy. The employer relied on an artful pleading theory and claimed that the plaintiff had omitted a reference to the FMLA in an attempt to defeat federal question jurisdiction. The district court rejected the employer's argument and remanded the case, holding that the complaint simply raised the question of whether it was against the public policy of the State of West Virginia to discriminate against someone for using leave to care for an ailing family member. The resolution of that question did not necessarily invoke the FMLA's guidance or require any interpretation of the FMLA's provisions.

The pleadings in *Davis* are not comparable to Plaintiff's complaint; similarly, *Davis's* reasoning is irrelevant here. Unlike Plaintiff's complaint, the complaint in *Davis* never mentioned, much less relied upon, the FMLA. Here, City need not fabricate a reference to the FMLA to invoke this Court's federal question jurisdiction because Plaintiff explicitly relies on and alleges a violation of the FMLA. While in *Davis* the FMLA's provisions were not directly implicated by the plaintiff's retaliatory discharge claim, here resolution of Plaintiff's second cause of action will require construction and application of federal law.

As a final argument, Plaintiff contends that this case must be remanded because the FMLA does not grant federal courts exclusive jurisdiction over FMLA claims. She reasons that because an action under the FMLA may be maintained in either federal or state court, this Court

must find that jurisdiction in state court was improper before it can exercise jurisdiction over Plaintiff's FMLA claim. (Docket 9 at 3 (citing 29 U.S.C. § 2617(a)(2)). This argument is without merit. The FMLA's grant of concurrent jurisdiction does not affect City's statutory right to remove Plaintiff's claims to federal court. 28 U.S.C. § 1441; *see Deakins v. Monaghan*, 484 U.S. 193, 203 (1988) (reasoning that "the federal courts have a virtually unflagging obligation to exercise their jurisdiction" when it exists (citation omitted)). The Court has federal question subject matter jurisdiction over Plaintiff's second cause of action and is compelled to exercise it.

  *B.  Supplemental Jurisdiction*

  Having found that this Court has subject matter jurisdiction over Plaintiff's second cause of action, the Court now turns to whether supplemental jurisdiction exists over the complaint's state law claims.

  District courts may exercise supplemental jurisdiction over state law claims when the claims are so related to claims over which the court has original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a). However, the court may decline to exercise supplemental jurisdiction over state law claims if, among other things, the claims raise novel questions of state law or predominate over the claims over which the court has original jurisdiction. *Id.* § 1367(c).

  Plaintiff's first and third causes of action raise state law claims for retaliatory discharge and sexual discrimination. City's notice of removal states that the Court has supplemental jurisdiction over these claims. Plaintiff's motion to remand does not contest the Court's exercise of supplemental jurisdiction should it find that it has subject matter jurisdiction over her second cause of action.

Plaintiff's wrongful discharge and sex discrimination claims share identical facts with the FMLA claim. Indeed, these claims both allege that Plaintiff was wrongfully discharged and discriminated against because she exercised her rights under the FMLA. Given the considerable factual overlap between these claims, the same witnesses and the same evidence will certainly be used to support or defend each cause of action. Further, the Court recognizes no reason to abstain from exercising supplemental jurisdiction. Plaintiff's first and third causes of action are neither novel nor complex. The Court will exercise supplemental jurisdiction over Plaintiff's first and third causes of action because they are so closely related to her FMLA claim that "they form part of the same case or controversy." *Id.* § 1367(a).

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to remand [Docket 4]. The Court further **DENIES** Plaintiff's request for attorney's fees and costs.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 20, 2012

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE